ERNESTO FERNANDO SCHLÜTER, haciendo negocios como SCHLÜTER & Co., demandante-apelante-apelado, v. ZENÓN DÍAZ, demandado-apelante-apelado.

No. 4602. *Sometido:* Junio 20, 1929. *Resuelto:* Febrero 12, 1930.

*E. Campos del Toro,* abogado del demandante; *R. Martínez Nadal,* abogado del demandado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En octubre 2, 1926, Ernesto Fernando Schlüter, haciendo negocios bajo la razón social de Schlüter & Compañía, Sucesor, entabló una acción en cobro de cuarenta y cinco pagarés que se describen en la demanda, ascendentes (más los intereses que se alegaban habían vencido al 12 por ciento anual hasta septiembre 30, 1926) a un total de $7,661.45.

El demandante admitió haber recibido del demandado a cuenta la suma de $4,600, como sigue:

| | |
|---|---|
| Julio 7, 1924 | $2,000.00 |
| Junio 18, 1925 | 1,500.00 |
| Junio 29, 1926 | 1,100.00 |

Se solicitaba se dictara sentencia por el saldo de $2,770.18, más sus intereses al 12 por ciento anual desde septiembre 30, 1926, hasta su total pago, costas y honorarios de abogado.

Se alegaba que los pagarés representaban el valor del abono vendido y entregado por el demandante al demandado.

El demandado alegó, entre otras cosas, que el importe total de su deuda con el demandante era $6,578.29, y que

desde el 31 de mayo, 1923, el demandado había pagado en cheques la suma de $5,926, lo que dejaba un saldo en descubierto de $652.29 que el demandado estaba dispuesto a satisfacer.

En una demanda enmendada el demandante alegó ser dueño de treinta y cinco pagarés, describiéndolos. Entre ellos se hallaban dos pagarés no mencionados en la demanda original y se omitieron doce de los cuarenta y cinco pagarés descritos en la demanda original. El principal de los dos pagarés omitidos de la demanda original e incluídos en la demanda enmendada era $272.80. En vez de uno de los doce pagarés (que representaba el precio de una tonelada de abono) se hacía la alegación relativa a la venta y entrega del abono. El importe total de los otros once pagarés correspondía aproximadamente a la partida de $2,000, el primero de los cuatro haberes que aparecían en la demanda original. Este pago de $2,000 no aparecía en la demanda enmendada.

Ambas partes apelan de una sentencia a favor del demandante por $1,746 con intereses al 12 por ciento desde el 30 de septiembre de 1926. El demandado no compareció a la vista ante este tribunal ni ha radicado alegato.

Durante el juicio el demnadante presentó como prueba los treinta y cinco pagarés enumerados en la demanda enmendada y estableció la venta de una tonelada de abono para la cual decía el demandante no se había otorgado pagaré alguno. El demandado presentó cinco cheques que importaban en total algo más de $5,926. El demandante admitió haber recibido esta suma pero insistió en que solamente se habían pagado $2,600 a cuenta de los treinta y cinco pagarés. Mientras ocupaba la silla testifical, el demandante insistió en que los once pagarés omitidos en la demanda enmendada, juntamente con otros que no fueron mencionados en ninguna de las dos demandas, habían sido devueltos al demandado al pagar varias sumas, para las cuales no aparecía abono alguno en la demanda enmendada.

El demandado declaró que nunca había recibido del demandante ningún otro fertilizante que el comprendido por los pagarés descritos en la demanda original, que esta demanda aducía la cantidad correcta de su deuda total y que ninguno de los pagarés jamás le había sido devuelto.

El juez sentenciador resolvió que la cuenta llevada por el demandante, según indicaban las dos demandas, no ofrecía base satisfactoria alguna para llegar a una decisión. Resolvió el conflicto de prueba a favor del demandado y dictó sentencia por la diferencia entre la suma total pagada por el demandado y la cantidad reclamada en la demanda original.

Durante el curso del juicio el demandante hizo varias tentativas infructuosas para presentar sus libros en evidencia. En cada tentativa el demandado se opuso alegando que los libros eran *self serving evidence* y su objeción fué sostenida por la corte.

No se sentó base alguna para la admisión de los libros. Tampoco se hizo esfuerzo para ilustrar a la corte respecto al estado moderno de la regla de que "un hombre no puede fabricar su propia prueba". No se ofreció mostrar la naturaleza original, contemporánea u ordinaria de los asientos en cuestión. Nada hubo en absoluto que indicara cómo se llevaban los libros. Ni aun fueron éstos identificados ni presentados al testigo para que los identificara.

No hay magia en la frase *"self serving evidence"* tan frecuentemente invocada por los letrados cual si fuera algo para evitar por obra de encantamiento la presentación de cualquier prueba documental "fabricada" por una persona que posteriormente se convierta en una parte litigiosa. En el presente caso, sin embargo, no hallamos error que dé lugar a la revocación de las resoluciones ahora impugnadas.

El alegato del apelante presenta una fuerte argumentación sobre los hechos. Ciertamente no podría haber vacilación en confimar una sentencia por una cantidad algo mayor. Empero la argumentación del apelante se basa en la decla-

ración del demandante en relación con ciertas circunstancias que no excluyen necesariamente la teoría del demandado y del juez sentenciador como una hipótesis razonable. Hay otras circunstancias que nunca fueron explicadas satisfactoriamente por el demandante, que condujeron a confusión y duda en lo concerniente a la validez de su reclamación por una suma mayor y que tienden a sostener la conclusión a que llegó el juez sentenciador.

Solamente declararon dos testigos ante la corte inferior. El caso no fué resuelto festinadamente. Se celebró el juicio el 30 de junio. Al terminarse de practicar la prueba se concedieron al demandante tres días para radicar un memorándum y al demandado tres días adicionales para replicar. Se dictó sentencia en octubre 25. Posteriormente en una moción sobre reconsideración de esa sentencia el demandante sometió a la corte de distrito prácticamente las mismas cuestiones que ahora suscita en apelación. Esa moción fué declarada sin lugar.

No encontramos que se haya cometido un error tan manifiesto en la apreciación de la prueba que exija la revocación de la sentencia.

La corte de distrito concedió costas y desembolsos al demandante pero excluyó los honorarios de abogado. Se señala como error el no haber incluído honorarios de abogado y el haber concedido las costas. En esto no vemos abuso de discreción.

*La sentencia apelada debe ser confirmada.*